449 A.2d 628

**COMMONWEALTH of Pennsylvania**

v.

**Leon J. BROBST, Appellant.**

Superior Court of Pennsylvania.

Submitted March 25, 1981.

Filed Aug. 13, 1982.

Petition for Allowance of Appeal Granted Nov. 4, 1982.

James H. Rowland Jr., Harrisburg, for appellant.

Marion E. MacIntyre, First Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND, and LIPEZ, JJ.

CERCONE, President Judge:

Appellant, Leon J. Brobst, takes this appeal from his conviction for failure to pay Pennsylvania State Income Taxes for the years 1974, 1975, 1976 and 1977. Appellant argues, *inter alia*, that the trial court erred when it permitted appellant to proceed *pro se* without first conducting a thorough on-the-record colloquy to determine whether the defendant knowingly and understandingly waived his right to assistance of counsel. We find this issue to have merit and we reverse.

Appellant is an independent businessman from Altoona, Pennsylvania trading under the names of Lee's Auto Body and Inland Commercial Divers and Consultants. Appellant

was indicted on four counts for failure to pay his state income taxes. At trial, appellant admitted that he did not pay taxes for the previously mentioned years but claimed he does not owe taxes because Congress repealed the gold standard in 1933.

Now on appeal appellant argues that the trial court did not adequately determine whether appellant knowingly and understandingly waived his right to assistance of counsel for trial. The record discloses that following his arrest, appellant filed a petition for a writ of habeas corpus because he could not make the $15,000.00 bail set for him. At the hearing on this petition, the court told appellant that if he could not afford an attorney then one would be appointed to represent him, but that if appellant could afford an attorney then appellant should "strongly consider" getting one to represent him and to raise his defenses. The court then released appellant on his own recognizance. Thereafter, appellant appeared in court for his arraignment. At that time the court again told appellant that if at any point he could not afford counsel, then counsel would be appointed for him without charge. Appellant was also told that appearing for trial without counsel would not be, in and of itself, grounds for a continuance. Nonetheless, appellant appeared for his trial on October 17, 1979 without counsel, whereupon the following colloquy was conducted by the court.

THE COURT: Are you going to represent yourself, sir?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Let me ask you, who are the men with you at counsel table?

THE DEFENDANT: Dr. James Randel to my right.

THE COURT: Is he going to be a witness?

THE DEFENDANT: No, he is going to be an advisory counsel for me.

THE COURT: Is he an attorney?

THE DEFENDANT: No, sir.

THE COURT: Who is the other one?

THE DEFENDANT: Gale Davis.

THE COURT: And is he a witness?

THE DEFENDANT: No, he is just another advisor for me.

THE COURT: Come up here once, Mr. Brobst. Let me explain a few things to you. First, not having counsel, is that because you can't afford one or don't you desire one?

THE DEFENDANT: I tried to find counsel that understands the issues and I could not find any licensed attorney that understands the issue that I have.

THE COURT: I must be certain that it is not an economic situation. I inquire because we have public defenders who we appoint to represent indigent defendants.

THE DEFENDANT: Yes, In [sic] understand.

THE COURT: That's not the case?

THE DEFENDANT: No.

The court then proceeded to explain to appellant the implications of his waiver of the right to a trial by jury. As part of this colloquy, the court ascertained whether appellant could read and write in English, was under the influence of drugs or alcohol, or had ever been treated for a mental illness. The court also told appellant what the charges were against him. However, the court did not inform appellant of the possible range of sentences for the charges. The court then permitted appellant to keep his friends with him at counsel table, even though they were not attorneys.

In *Commonwealth v. Hauser*, 265 Pa.Superior Ct. 135, 401 A.2d 837 (1979), this Court examined the validity of a purported waiver of the right to trial counsel. We noted that although an accused has the right to trial counsel, he also has the right to represent himself. To avoid conflict between these two rights, the record must show that in waiving his right to counsel, the accused was aware of both the right to counsel and the risks attendant upon its waiver. We quoted from *Von Moltke v. Gilles*, 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321 (1948), wherein the Supreme Court explained the trial court's responsibility in determining whether there is a competent and intelligent waiver of the right to counsel:

To be valid such a waiver must be made with an apprehension of the nature of the charges, the statutory offenses included with them, the range of allowable punishments thereunder, possible defenses to the charges, and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter. A judge can be certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

We went on to hold in *Hauser* that in view of the failure of the lower court to make certain that the accused understood "the charge and possible punishment, and the possible disadvantage of proceeding without counsel," that the accused's waiver of his right to counsel was not competently and intelligently made. *See also Commonwealth v. Davis*, 479 Pa. 274, 388 A.2d 324 (1978); *Commonwealth v. Dale*, 286 Pa.Superior Ct. 308, 428 A.2d 1006 (1981); *Commonwealth v. Fowler*, 271 Pa.Superior Ct. 138, 412 A.2d 614 (1979).*

In the instant case, the court did not apprise appellant of the serious penalties which he faced if convicted. We therefore find that appellant's waiver of counsel was not knowing and intelligent and we reverse and remand for a new trial.

Reversed and remanded for a new trial.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

Although repeatedly told of his right to be represented by counsel and admonished to "strongly consider" doing so and although financially able to employ counsel, Leon J. Brobst, a businessman, elected to represent himself, with the assistance of two friends, on charges of failing to pay state income taxes. When asked why he had elected to represent

---

* In the above cited decision in *Fowler*, we remanded the case for a hearing on the issue of whether the waiver of counsel was valid. In a subsequent decision, the conviction was affirmed by this Court. *See Commonwealth v. Fowler*, 275 Pa.Superior Ct. 544, 419 A.2d 34 (1980).

himself, Brobst said that he had been unable to find an attorney who understood the defense which he wished to present. The majority, relying on cases in which a defendant was unable to afford counsel, holds that Brobst could not elect to represent himself unless a record colloquy demonstrated that he knew the maximum sentence if convicted. In my judgment this is an unnecessary formality under the circumstances of this case; and, therefore, I dissent. I would find the waiver of counsel to be a voluntary, knowing and intelligent act and would affirm the judgment of sentence. *See Commonwealth v. Wentz*, 280 Pa.Super. 427, 421 A.2d 796 (1980).