Stanley A. Jones, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 3, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C.*

*Waldman*, General Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE CRAIG, February 10, 1983:

Petitioner Stanley Jones has filed a petition for review questioning actions of the Pennsylvania Board of Probation and Parole, which refused his request for administrative relief from the board's earlier decision recommitting him as a convicted parole violator to serve eighteen months backtime on a previous sentence.

While the petitioner was on parole, the Philadelphia police had arrested him for new offenses. Petitioner's conviction date with respect to those new charges was September 8, 1981.

In accordance with 37 Pa. Code §71.4(2), which requires that a parole revocation hearing shall be held within 120 days from the date the board has received official verification of such a conviction, the board scheduled petitioner's parole revocation hearing for November 17, 1981, just 70 days after the conviction date. The record contains a form signed on that date by an attorney of the Defender's Association of Philadelphia, who purported to represent the petitioner, requesting a continuance of the revocation hearing. The board therefore rescheduled the revocation hearing and held it on January 21 or 22, 1982. At the hearing, pursuant to which the board made its recommitment decision stated above, an attorney from the Montgomery County Public Defender's Office represented him and duly objected to the timeliness of the hearing and the continuance.

Thereafter, counsel filed his request for administrative relief, claiming that petitioner "was not offered a hearing within the 120-day period." The board refused administrative relief on the basis of the November 17 continuance request.

Because the board certainly offered the revocation hearing within the 120-day period, we know of no basis on which we can upset the board's recommitment decision. There is no problem here relating to the board's compliance with the law; if a problem in fact exists, it rests upon the presence or absence of a true attorney-client relationship between the petitioner and the attorney who signed the continuance form. The board, like a court, is entitled to proceed on the basis that a lawyer does represent the person whom that lawyer, as an officer of the court, purports to represent. As the petitioner recognizes, the board did not appoint the attorney to represent the petitioner; it has no power to do so. *Passaro v. Board of Probation and Parole*, 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981). The petitioner's remedy does not rest within the jurisdiction of the Board of Probation and Parole, which does not bear the responsibility in this matter and therefore has committed no error.

ORDER

Now, February 10, 1983, the decision of the Pennsylvania Board of Probation and Parole is affirmed.