Howard McCullough, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Lester G. Nauhaus,* with him, *John H. Corbett, Jr.,* for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, August 22, 1983:

In this appeal from a decision of the Pennsylvania Board of Probation and Parole recommitting the petitioner as a technical parole violator, the question is whether the board's record must show that the petitioner's request for a postponement of his violation hearing was made in a knowing and intelligent manner.

On April 23, 1982, the petitioner, represented by counsel, requested that the violation hearing be continued until the first available date after disposition

of new pending charges. On September 8, 1982 the petitioner was found guilty on those new charges; he was afforded a violation and revocation hearing by the board on October 8, 1982. Because 37 Pa. Code §71.5(j) excludes the period of any continuance requested by the parolee from the computation of the period of 120 days from the preliminary hearing within which the violation hearing must be held, 37 Pa. Code §71.2(11), the final hearing was timely if the continuance request was effective.

The petitioner here cites *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973) and *Commonwealth v. Brobst,* 303 Pa. Superior Ct. 161, 449 A.2d 628 (1982) for the proposition that the record must affirmatively show or certify that the petitioner's request was knowing and intelligent. However, those cases involved, respectively, a waiver of jury trial, *see* Pa. R. Crim. P. 1101, and waiver of counsel, *see* Pa. R. Crim. P. 318. Because neither the cited decisions nor those rules are applicable to the tribunal or the subject matter involved here, the petitioner's contention has no authoritative legal basis.

The board's order is affirmed.

ORDER

Now, August 22, 1983, the order of the Pennsylvania Board of Probation and Parole dated November 4, 1982 is affirmed.