Nicholas Chancey, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 9, 1983, to Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 1, 1984:

Nicholas Chancey (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) dated February 28, 1983 denying him administrative relief from a Board recommitment order revoking his parole and recommitting him as a convicted and a technical parole violator to serve forty-two months on backtime.[1] Petitioner contends the Board violated his due process rights by failing to provide him timely parole revocation hearings and as a result of that failure he is entitled to have the direct and technical parole violations dismissed and his parole reinstated.

Petitioner was paroled by the Board effective August 7, 1980 on a sentence of two to ten years imposed by the Court of Common Pleas of Philadelphia County after petitioner violated probation received on a Burglary[2] conviction. Petitioner was arrested by Philadelphia Police on March 15, 1981 on new criminal charges[3] and subsequently released on bail. On April

---

[1] Petitioner initially filed a Petition for Review on October 25, 1982 challenging the timeliness of the preliminary hearing which had yet to have been held. Counsel was appointed who refused to enter his appearance citing a potential conflict of interest. A second denial of administrative relief which incorporated the Board's denial of June 10, 1982 was issued February 28, 1983. On June 15, 1983 following petitioner's transfer from Philadelphia County Prison to SCI-Graterford, we vacated our prior appointment of counsel and appointed the Public Defender of Montgomery County to represent petitioner. In the Amended Petition for Review filed by appointed counsel, the issues from the Board's denial of administrative relief of both June 10, 1982 and February 28, 1983 were included. The Board lodged its certified record with the court on September 7, 1983 allowing the matter to proceed.

[2] 18 Pa. C. S. §3502.

[3] The charges placed against petitioner as a result of the arrest of March 15, 1981 were Possession of an Instrument of Crime (18 Pa. C. S. §907). Prohibited Offensive Weapon (18 Pa. C. S. §908)

2, 1981 petitioner was arrested in Bensalem, Bucks County, on other Philadelphia County criminal charges.[4] The Board lodged its detainer against petitioner on April 16, 1981 based on the new charges and technical parole violations.[5]

A Preliminary and Detention Hearing was scheduled for April 28, 1981 at the Philadelphia House of Correction. Prior to that hearing, petitioner was hospitalized with a serious illness and the April 28, 1981 hearing was continued. Hearings were scheduled for May 5, 1981, May 20, 1981, June 23, 1981, and October 20, 1981. On each of these dates, continuance requests were made on petitioner's behalf by an attorney from the Defender Association of Philadelphia due to petitioner's hospitalization. A Preliminary and Detention hearing was held on November 6, 1981 at which petitioner was represented by an attorney from the Philadelphia Defender Association. While petitioner objected to the timeliness of the hearing, he did not voice any complaints as to the quality of legal representation he was afforded by the Phila-

---

and Violation of the Uniform Firearms Act (18 Pa. C. S. §§6106 & 6108). A loaded .32 caliber revolver was confiscated from petitioner's person at the time of the arrest.

[4] This arrest stemmed from the complaint of the owner of a bar in North Philadelphia that petitioner, along with an accomplice, robbed the bar at gunpoint taking $3,200.00 in cash and the owner's .357 Magnum revolver. Arresting officers confiscated the owner's .357 Magnum revolver from petitioner's Bensalem apartment at the time of his arrest. As a result of this arrest, petitioner was charged with Robbery (18 Pa. C. S. §3701), Aggravated Assault (18 Pa. C. S. §2702) as well as other theft and firearms offenses. Petitioner was eventually acquitted of these charges.

[5] The technical parole violations were: (1) failing to report to the parole staff; (2) failure to notify the parole staff within 72 hours of any arrest; (3) failing to remain in the parole district to which paroled; and (4) being in possession of a firearm. See 37 Pa. Code §63.4.

delphia Defender Association. Petitioner also requested a full Board Violation Hearing at this time.

The Board scheduled a full Board Violation Hearing at the Philadelphia House of Correction for January 7, 1982. At that time, petitioner requested a continuance of the hearing until his pending criminal charges were disposed of to include post-trial motions and sentencing. The written continuance request was signed by the same attorney from the Philadelphia Defender Association who represented petitioner at the November 6, 1981 hearing and specifically waived all timeliness issues.[6]

Petitioner was convicted on April 15, 1982 of violating the Uniform Firearms Act[7] in Philadelphia County Common Pleas Court and sentenced to a term of two and one-half to five years on November 14, 1982. On December 3, 1982, petitioner was transferred to the State Correctional Institution at Graterford (SCI-Graterford).

The Board held a full Board Violation and Revocation Hearing for petitioner at SCI-Graterford on January 4, 1983. While an attorney from the Montgomery County Public Defender's Office was available to petitioner;[8] petitioner elected to represent himself at

---

[6] R. 22. The continuance request does not bear petitioner's signature rather an "X" is shown on petitioner's signature line. Petitioner, however, acknowledged that he did request that continuance in his request for administrative relief dated January 28, 1983 but contends the request was only until the outcome of the trial. R. 9-11.

[7] 18 Pa. C. S. §§6101-6119.

[8] As petitioner was incarcerated at SCI-Graterford, in Montgomery County at the time of his January 4, 1983 hearing, the Public Defender of Montgomery County was required to provide legal representation, upon proper request. *See Passaro v. Pennsylvania Board of Probation and Parole*, 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981).

the hearing with the public defender attending the hearing as standby co-counsel.

On January 17, 1983 the Board ordered petitioner recommitted as a technical violator to eighteen months and as a convicted violator to serve twenty-four months for a total of forty-two months or backtime. Petitioner's maximum term expiration date was extended to June 10, 1989.[9] Petitioner filed an administrative appeal with the Board challenging the timeliness of the November 6, 1981 Preliminary Hearing and the January 4, 1983 Violation/Revocation Hearing which was denied.

Petitioner first contends that his November 6, 1981 Preliminary Hearing was untimely as held more than fifteen days after the lodging of the Board's warrant requiring the dismissal of the technical violations. The Board's regulations require that a Preliminary Hearing on technical parole violations be held within fifteen days of the lodging of the Board's warrant. 37 Pa. Code §71.2(1)(ii). The Board lodged its warrant against petitioner on April 16, 1981 and scheduled a hearing for April 28, 1981, twelve days after the warrant was lodged. That hearing was continued due to petitioner's unavailability caused by his hospitalization. The other scheduled hearings were continuted at the written request of counsel from the Defender Association who purported to represent petitioner. The Board is permitted to continue its hearings due to the unavailability of the parolee or defense counsel or at the request of either the parolee or defense counsel and such time is excluded from the computation of

[9] Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.21a(a), mandates that where a parolee commits an offense while on parole for which he is later convicted and returned to prison as a convicted parole violator, the parolee receives no credit for good time earned while at liberty on parole.

whether a hearing is timely. 37 Pa. Code §71.5(i). Petitioner asserts that the public defender's continuance requests were invalid as they were made without petitioner's knowledge or consent and the public defender was not representing him at that time. In *Jones v. Pennsylvania Board of Probation and Parole,* 72 Pa. Commonwealth Ct. 14, 455 A.2d 778 (1983), we held that the Board, like a court, is entitled to proceed on the basis that a lawyer does represent the person whom the lawyer, as an officer of the court, purports to represent. *Id.* at 16, 455 A.2d at 779.[10] We also reject petitioner's assertion that any continuance request is invalid unless it was made with petitioner's prior knowledge and consent. This claim is patently frivolous. Continuances are a matter of sound trial strategy within the reasonable purview of counsel. To hold that counsel cannot unilaterally request continuances that would delay a hearing beyond the time limits imposed by the Board's regulations would severly hamper counsel's ability to effectuate trial strategy. *Commonwealth v. Walley,* 262 Pa. Superior Ct. 496, 502, 396 A.2d 1280, 1283 (1978). We find the Board was entitled to rely upon the continuance requests of counsel and that the November 6, 1981 Preliminary Hearing was timely.

Petitioner's next contention is that his Violation/Revocation Hearing held on January 4, 1983 at SCI-Graterford was untimely as beyond the 120 days following a new conviction as required by the Board's regulations. 37 Pa. Code §71.4(2). Petitioner was convicted of the new criminal charges in Philadelphia County Common Pleas Court on April 15, 1982. Petitioner, however, had requested a continuance un-

---

10 We also note that petitioner was represented by an attorney from the Defender Association of Philadelphia at his hearings on November 6, 1981 and on January 7, 1982.

til disposition of post-trial motions and sentencing in the event of conviction. This request specifically waived all timeliness issues.[11] Petitioner was sentenced on November 14, 1982 and transferred to SCI-Graterford on December 3, 1982. Had petitioner waived the full Board Revocation Hearing, the 120 days in which the Board has to give a convicted violator a hearing would have commenced on November 14, 1982. However, as petitioner did not waive the full Board Hearing, the 120 days does not commence until petitioner's return to a State Correctional Institution. 37 Pa. Code §71.4(2)(i).[12] Petitioner was returned to SCI-Graterford on December 3, 1982 and was given his full Board hearing on January 4, 1983, well within the 120 day period mandated by 37 Pa. Code §71.4(2). We therefore find petitioner's full Board Violation/Revocation Hearing of January 4, 1983 was timely held.

Having found both petitioner's Preliminary Hearing and Violation/Revocation Hearing were held in a timely manner, we must affirm the Board's denial of administrative relief.

## ORDER

AND Now, the 1st day of June, 1984, the order of the Pennsylvania Board of Probation and Parole dated February 28, 1983 at Parole Number 7314-M denying administrative relief is hereby affirmed.

---

[11] R. 22.

[12] The exclusion of time spent in county institutions from calculation of the 120 day requirement of 37 Pa. Code §71.4(2) has been held not to be violative of due process or equal protection. *See Blair v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 41, 467 A.2d 71 (1983), *cert. denied*, U.S. , 52 U.S.L.W. 3828 (1984) ; *Emmi v. Pennsylvania Board of Probation and Parole*, 74 Pa. Commonwealth Ct. 554, 460 A.2d 889 (1983).