Leroy Davis, a/k/a Barry Harris, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges CRAIG, PALLADINO and BARBIERI, sitting as a panel of three.

*Timothy P. Wile,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BARBIERI, September 21, 1984:

The petitioner, Leroy Davis, a/k/a Barry Harris, appeals here from an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from an order recommitting him as a technical and convicted parole violator.

On November 16, 1982, the petitioner, while on parole, was arrested and charged with the crimes of theft by deception, theft by unlawful taking, conspiracy, and receiving stolen property. He was thereafter convicted in the Philadelphia Municipal Court on January 27, 1983 of theft by deception, conspiracy, and receiving stolen property, and in the common pleas court on April 4, 1983, of theft by deception and theft by unlawful taking. Prior to the petitioner's court convictions, the Board had lodged a detainer against the petitioner and had conducted a preliminary hearing on November 30, 1982. The Board subsequently held a violation and revocation hearing on June 9, 1983, and

as a result of this hearing recommitted the petitioner as a technical and convicted parole violator to serve his unexpired term of two years. The petitioner requested administrative relief from the Board, which was denied, and the present appeal followed.

Initially, the petitioner argues that the June 9, 1983, hearing was not timely with respect to his technical parole violations and his Municipal Court convictions. While the petitioner concedes that the June 9th hearing was timely with respect to his April 4th convictions, he contends that the violation part of the June 9th hearing was not held within 120 days of the preliminary hearing as required by 37 Pa. Code §71.2 (11), and that the revocation part of this hearing was not held within 120 days of the date the Board learned of his Municipal Court convictions, as required by 37 Pa. Code §71.4(2). In response to these arguments, the Board asserts that the petitioner, on November 30, 1982, signed a waiver of the preliminary hearing and a request for a continuance until the new criminal charges against him were resolved. Although the petitioner concedes that the Board scheduled a preliminary hearing on November 30, 1982, he argues that he was not present at that hearing due to another court appearance, and that some other person answered to his name and signed the waiver and continuance request forms. Our review of the record in this case indicates that these arguments were raised at the June 9th hearing, but that the Board failed to make any findings or conclusions in this regard. Unfortunately, the absence of findings on this issue requires that we order a remand since we cannot resolve the petitioner's timeliness arguments without a finding as to whether or not the petitioner was the person who in fact signed the waiver and continuance request forms at the November 30, 1982 hearing. *Blair v. Pennsylvania Board of Probation and Parole,* 71 Pa. Common-

wealth Ct. 366, 454 A.2d 1186 (1983). If on remand it is found that the petitioner did sign the forms then he cannot complain that his violation/revocation hearing was untimely. *See McCullough v. Pennsylvania Board of Probation and Parole,* 76 Pa. Commonwealth Ct. 479, 464 A.2d 622 (1983); *Jones v. Pennsylvania Board of Probation and Parole,* 72 Pa. Commonwealth Ct. 14, 455 A.2d 778 (1983). If, however, it is found that the petitioner did not sign the waiver or continuance forms, then we must hold that the June 9, 1983 hearing was not timely with respect to the petitioner's technical violations and his Municipal Court convictions, and the Board could therefore only properly consider the petitioner's April 4, 1983 convictions as bases for any recommitment action.

We are not persuaded by the Board's assertion that we should dismiss the petitioner's timeliness arguments since the April 4, 1983 convictions constitute independent bases for recommiting the petitioner.[1] The Board's decision in this case recommitted the petitioner to serve his unexpired term for both his technical and convicted parole violations based upon the petitioner's violation of conditions 3A and 6 of his parole, and for convictions in *both* the Philadelphia Municipal and Common Pleas Courts. Since the petitioner's recommitment as a convicted parole violator was based upon *both* his Municipal Court and common pleas convictions, we cannot assume that either one of these would have been independently sufficient in the Board's judgment to recommit the petitioner for the remainder of his unexpired term. *Cf. Hines v. Penn-*

---

[1] The Board also seems to argue that if the petitioner was not afforded a preliminary hearing then the time within which a violation hearing must be held never begins to run. Needless to say, absent a waiver by the petitioner of his right to a preliminary hearing, the Board cannot justify the untimeliness of a violation hearing by depriving a person of his right to the preliminary hearing.

*sylvania Board of Probation and Parole,* 491 Pa. 142, 420 A.2d 381 (1980) (recommitment proper even though hearing on technical violations was untimely when convicted parole violations were sufficient to revoke parole).

The petitioner also contends that the Board could not revoke his parole as a convicted violator since the Board's decision in this regard was based solely upon photocopies of court records not certified in accordance with Section 6103 of the Judicial Code,[2] and as such constituted hearsay. This Court recently addressed and rejected this argument in *Williams v. Pennsylvania Board of Probation and Parole,* (Nos. 2389 C.D. 1983 and 2323 C.D. 1983, filed June 8, 1984) Slip Opinion, wherein we held that Section 6103 was inapplicable to the Board by operation of Section 6101 of the Judicial Code[3] and the Board's own regulation at 37 Pa. Code §71.5(d) which permits the Board to utilize documentary evidence if it is satisfied that the evidence is authentic, relevant and accurate.

Lastly, the petitioner contends that the Board's recommitment order should be set aside since he alleges that it does not comply with the requirements of Section 507 of the Administrative Agency Law[4] relating to Commonwealth agency adjudications. While the petitioner recognizes that Section 101 of the Administrative Agency Law[5] specifically states that adjudications do not include parole orders, *see also, Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984), he contends that the General Assembly could not have meant to exclude parole decisions from the require-

---

[2] 42 Pa. C. S. §6103.

[3] 42 Pa. C. S. §6101.

[4] 2 Pa. C. S. §507.

[5] 2 Pa. C. S. §101.

ments of Section 507 since parole revocation proceedings must accord with due process. We reject this contention and need only point out that the General Assembly's exclusion of parole orders from the requirements of Section 507 does not necessarily imply that parole revocation proceedings are exempt from the minimum due process requirements which must be present in a revocation proceeding. *See Morrissey v. Brewer,* 408 U.S. 471 (1973).

### ORDER

Now, September 21, 1984, the above-captioned matter is remanded to the Pennsylvania Board of Probation and Parole for proceedings consistent with the opinion above. Jurisdiction relinquished.