Barry A. Anderson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 18, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lee F. Mauger,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, September 4, 1985:

This is an appeal by Barry A. Anderson who petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board recommitment order. That recommitment order revoked his parole and recommitted him to prison to serve fifty-eight months on backtime as both a technical and a convicted parole violator. We will affirm.

Anderson was originally sentenced on January 12, 1977 by Judge RIBNER of the Court of Common Pleas of Philadelphia County to a term of four to twenty years as a result of his entering a plea of guilty to the charges of Robbery[1] and Burglary.[2] That sentence carried an effective date of October 8, 1976 and an original maximum term expiration date of October 8, 1996. The Board granted Anderson parole on this sentence effective October 17, 1980 at which time he was released from the State Correctional Institution at Camp Hill (SCI-Camp Hill).

On November 16, 1981, Anderson was arrested by Philadelphia Police and charged with various weapons offenses. He was released on bail on November 17,

---

[1] 18 Pa. C. S. §3701.
[2] 18 Pa. C. S. §3502.

1981 but was rearrested on a Board warrant on November 24, 1981 and confined in the Philadelphia County Prison. On March 8, 1982, he was also arrested by Philadelphia Police as a result of an incident which occurred on November 15, 1981 at an ice cream store located at 730 East Chelten Avenue in Philadelphia where it is alleged that he, armed with a sawed-off shotgun, participated, with a companion, in a robbery of that store. As a result of this second arrest, Anderson was charged with Robbery, Criminal Conspiracy,[3] Carrying Firearms on a Public Street or Property,[4] and other offenses.[5] While the weapons charges stemming from the November 16, 1981 arrest were dismissed at the preliminary hearing, Anderson was convicted of the charges stemming from the March 8, 1982 arrest and, on December 8, 1983, was sentenced by Judge HILL in Philadelphia County Common Pleas Court to a term of nine and one-half to twenty-five years. On December 12, 1983, he was transferred from Philadelphia County Prison to the State Correctional Institution at Graterford (SCI-Graterford).

On February 28, 1984, the Board afforded Anderson a full Board Violation and Revocation Hearing at SCI-Graterford. He was charged with violating general parole condition 5B which mandates that parolees refrain from owning or possessing any firearms or

---

[3] 18 Pa. C. S. §903.

[4] 18 Pa. C. S. §6108.

[5] Anderson was also charged with Theft by Unlawful Taking (18 Pa. C. S. §3921), Aggravated Assault (18 Pa. C. S. §2702), Possession of an Instrument of Crime (18 Pa. C. S. §907), Possession of a Prohibited Offensive Weapon (18 Pa. C. S. §908), Recklessly Endangering Another Person (18 Pa. C. S. §2705) and Carrying a Firearm Without a License (18 Pa. C. S. §6106). He was only convicted of Robbery, Criminal Conspiracy and Carrying Firearms on a Public Street or Property.

other weapons[6] as well as being convicted of new criminal offenses which were committed while serving a parole term. Anderson's counsel objected to the Board's introduction of photocopies of criminal court docket sheets from Philadelphia County Common Pleas Court as the photocopies were not certified under seal as required by Section 6103 of the Judicial Code, 42 Pa. C. S. §6103, and contended that, absent such certification, the documents constituted hearsay. Defense counsel also objected to the admission of the notarized statement of an eyewitness to the November 15, 1981 robbery as well as a copy of a Philadelphia Police Department property receipt. The Board overruled all of counsel's evidentiary objections and found good cause for not allowing Anderson to confront the eyewitness and allowed the use of the witness's affidavit. On March 27, 1984, the Board recorded an order which revoked Anderson's parole as both a convicted and a technical parole violator and mandated that he serve fifty-eight months on backtime. The Board also extended the maximum term expiration date of his 1977 Robbery sentence to March 18, 2000. Anderson filed an administrative appeal with the Board which was denied on April 18, 1984 and petition for review to this Court followed.

In this appeal, Anderson contends that there was reversible error by the Board in the admission and use of hearsay evidence, over objection, consisting of (1)

---

[6] See 37 Pa. Code §63.4(5)(ii). This condition of parole is imposed upon all parolees and mandates that they refrain from owning or possessing any firearm or other weapon. Criminal conduct is not required to establish a violation of this general parole condition as it covers a much broader range of conduct than that prohibited by the Crimes Code. See *Hawkins v. Pennsylvania Board of Probation and Parole*, 88 Pa. Commonwealth Ct. 547, 490 A.2d 942 (1985); *Michael v. Pennsylvania Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 173, 481 A.2d 711 (1984).

a photocopy of the Philadelphia County criminal docket sheet, signed by the trial judge, on the ground that there should have been an additional certification "under seal" to fall within the exception to the hearsay evidence rule provided in Section 6103 of the Judicial Code, 42 Pa. C. S. §6103; (2) a photocopy of police records establishing Anderson's possession of a firearm for which the arrest was made on November 16, 1981; and (3) an affidavit from the complainant as to his eyewitness of the robbery on November 15, 1981, which was notarized in the presence of Agent Hines and witnessed by him, the absence of the eyewitness being attributed to good cause by the Board's finding of record. In addressing these issues, we note that our scope of review of a Board recommitment order is limited to determining whether the Board committed an error of law, violated any constitutional rights of the parolee, or whether any necessary findings are unsupported by substantial evidence. Section 704 of the Administrative Agency Law; 2 Pa. C. S. §704; *Cox v. Board of Probation and Parole,* 507 Pa. 614, 493 A.2d 680 (1985); *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 363-364, 487 A.2d 90, 91 (1985).

We shall first examine Anderson's contention that the Board's use of uncertified photocopies of Philadelphia County criminal court docket sheets constituted reversible error. As the Board correctly notes, we recently ruled on this precise question in *Davis v. Pennsylvania Board of Probation and Parole,* 85 Pa. Commonwealth Ct. 278, 481 A.2d 714 (1984). We there held that photocopies of court records need not be additionally certified since

> ... Section 6103 is inapplicable to the Board by operation of Section 6101 of the Judicial Code [42 Pa. C. S. §6101] and the Board's own

regulation at 37 Pa. Code §71.5(d) which permits the Board to utilize documentary evidence if it is satisfied that the evidence is authentic, relevant and accurate.

85 Pa. Commonwealth Ct. at 282, 481 A.2d at 717.

It must be remembered, of course, that the records challenged by Anderson are public records and that photocopies thereof are specifically made admissible by the terms of the Uniform Photographic Copies of Business and Public Records as Evidence Act, codified at Section 6109(b) of the Judicial Code, 42 Pa. C. S. §6109(b), which provides:

. . . Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding, whether the original is in existence or not, and an enlargement or facsimile of such reproduction is likewise admissible in evidence if the original reproduction is in existence and available for inspection under direction of the tribunal. The introduction of a reproduced record, enlargement or facsimile does not preclude admission of the original.

The Board ruled that authentication by the signature of the trial judge, reproduced in the photocopies, was adequate authentication of the court record. We hold that the Board committed no reversible error in admitting and relying upon the uncertified photocopies of the Philadelphia County criminal court docket sheets. *Davis*.[7] In so ruling, we note that the regulation in-

---

[7] *See LaCourt v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985). There is support for the admission of this affidavit, prepared in the presence of and witnessed by Agent Hines, in Section 6105 of the Judicial Code, 42 Pa. C. S. §6105, which provides:

The official acts, . . . of all notaries public, certified under their respective hands and seals of office, . . . may be re-

volved, 37 Pa. Code §71.5(d), is consistent with pronouncements by the United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471 (1972) and *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), in which the Court stated that parole and probation revocation proceedings need not be conducted with the same formality as a criminal trial and that state parole boards could consider evidence, such as statements, affidavits, and other documentary evidence, not normally admissible in an adversary trial. *Morrissey,* 408 U.S. at 489; *Gagnon,* 411 U.S. at 783 n. 5. Furthermore, the Ninth Circuit Court of Appeals, in the context of a federal probation revocation hearing, held that it was permissible to admit unauthenticated copies of state court records to show that a probationer was convicted of subsequent criminal offenses during his probationary term. *United States v. Miller,* 514 F.2d 41 (9th Cir. 1975).[8]

In addition, Anderson's conviction for Carrying Firearms on a Public Street or Property is sufficient, by itself, to establish by substantial evidence that he violated general parole condition 5B by being in possession of a firearm. *Cf. LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth

---

ceived and read in evidence, as proof of the facts therein stated. Any litigant may be permitted to contradict by other evidence any such certificate.

In ruling that the affidavit was admissible, the Board found of record that there was good cause for the non-appearance of the eyewitness as set forth in the affidavit, the Board ruling that the loss of income from employment provided good cause for accepting the sworn statement rather than requiring the witness to be present. *See* Pa. Code §71.5(d).

[8] The Court specifically held that the use of uncertified state court records to prove that a probationer violated probation by being convicted of new criminal offenses did not violate the probationer's due process guarantees under the Federal Constitution. 514 F.2d at 43. *See generally,* Annot. 11 A.L.R. 4th 999 (1982).

Ct. 384, 488 A.2d 70 (1985) (parolee's conviction of Robbery, Rape and Simple Assault established technical parole violation of engaging in assaultive behavior); *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 49, 484 A. 2d 413 (1984) (parolee's conviction of Aggravated and Simple Assault establish technical parole violation of engaging in assaultive behavior). Since the convictions are sufficient proof, by themselves, of both the direct and technical parole violations, we need not address Anderson's other contentions regarding the Philadelphia Police Property Receipt or the affidavit of the absent eyewitness.

Accordingly, for the reasons stated, we find no reversible error in the Board's rulings on the admissability of photocopies of public records and we will affirm.

ORDER

AND Now, this 4th day of September, 1985, the order of the Pennsylvania Board of Probation and Parole at Parole No. 6158-J, dated April 18, 1984, which denied administrative relief to Barry A. Anderson, is hereby affirmed.

Judge BARRY did not participate in the decision in this case.