516 A.2d 116

Luis Rodriquez, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 15, 1986, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 17, 1986:

Luis Rodriquez (Petitioner) seeks review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied administrative relief of a Board decision to recommit him as a technical and convicted parole violator. We vacate the order as to the technical violation and remand for a recomputation of backtime.

On August 14, 1984, a urine sample obtained from Petitioner tested positive for morphine, thus placing him in violation of Parole Condition 5(a).[1] Subsequently, on September 24, 1984, Petitioner was arrested by the Lancaster City Bureau of Police for two counts of delivery of heroin. A parole warrant was issued on that date and Petitioner was detained in the Lancaster County Prison pending disposition of the charges. Continuances of Petitioner's technical violation hearing were granted on October 3, 1984 and December 11, 1984, pending the outcome of the charges against him.

Petitioner was convicted on May 17, 1985 and a violation/revocation hearing was scheduled for September

---

[1] Parole Condition 5(a) states: "You shall abstain from the unlawful possession or sale of narcotics and dangerous drugs, and abstain from the use of controlled substances within the meaning of the Controlled Substance Drug, Device and Cosmetic Act, without a valid prescription."

11, 1985. Petitioner appeared at the September 11 hearing without counsel, and upon his request for representation, the hearing was continued until October 9, 1985.

As a result of the October 9 hearing, at which Petitioner was represented by counsel, the Board recommitted Petitioner as a technical parole violator to serve six months backtime and as a convicted parole violator to serve 30 months backtime. Petitioner filed a timely administrative appeal pursuant to 37 Pa. Code §71.5(h), which was denied. He then petitioned this Court for review.

Petitioner first challenges the Board's order on the basis that he was not granted a hearing within 120 days of the issuance of the parole warrant on September 24, 1984 as, he asserts, is required by 37 Pa. Code §71.2(11).[2] We note at the outset that Petitioner failed to raise the timeliness issue in either his administrative appeal or his Petition for Review to this Court. While such an issue, first raised in a petitioner's brief on appeal, may be deemed to be waived, *see Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984), we will address the issue because the Board responded to the timeliness argument in its brief before this Court.[3]

---

[2] 37 Pa. Code §71.2(11) actually requires that a violation hearing be held within 120 days of the preliminary hearing which is required, by 37 Pa. Code §71.2(1)(ii), to be held within 15 days of the issuance of a parole warrant. The record in this case, however, makes no mention of a preliminary hearing, only that a hearing scheduled for October 3, 1984, which was within 15 days of the warrant, was continued.

[3] *See Pierce v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 507, 406 A.2d 1186 (1979), wherein this Court refused to address objections included in a petitioner's brief which were not included in his Petition for Review and not addressed by the respondent's brief.

The hearing held on October 9, 1985 was obviously not within 120 days of the September 24, 1984 parole warrant nor within 120 days of the hearing scheduled for October 3, 1984 which appears to have been the 15-day hearing required by 37 Pa. Code §71.2(1)(ii). The delay, however, resulted from Petitioner's December 11, 1984 request for a continuance and his request for counsel at the September 11, 1985 hearing. We have held that the 120-day rule is inapplicable when a petitioner or his attorney requests a continuance, *Murray v. Jacobs*, 99 Pa. Commonwealth Ct. 39, 512 A.2d 785 (1986), and that periods of time attributable to such continuances are not to be counted against the Board in determining the timeliness of a hearing. *LaCourt v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985).

Petitioner contends that the December 11, 1984 request for a continuance was improperly considered by the Board in determining the timeliness of his hearing, because a letter requesting the continuance addressed to the Board from the Lancaster County Office of Public Defender was not introduced into evidence at the hearing. This argument is without merit. The letter, while not formally introduced, was *read* into evidence by a Board member. Petitioner's counsel made no objection to the reading of this document and did not request the Board to produce the letter for his review. The letter was not, as Petitioner argues, merely attached to the record with no opportunity given him to review it and object to its admission.

Petitioner also argues that even if the letter were properly in evidence, it should not be relied upon to support the granting of the continuance because he did not request or consent to the continuance. As this Court stated in *Jones v. Pennsylvania Board of Probation and Parole*, 72 Pa. Commonwealth Ct. 14, 455 A.2d 778

(1983), "[t]he board, like a court, is entitled to proceed on the basis that a lawyer does represent the person whom that lawyer, as an officer of the court, purports to represent." *Id.* at 16, 455 A.2d at 779. Here, the Board received the letter, signed by the public defender, referring to the Petitioner as his client. There was, therefore, no reason for the Board *not* to have believed the continuance request was made on behalf of the Petitioner.

It, furthermore, is not necessary that the client himself request the continuance or even have prior knowledge that his attorney was making such a request. We have recognized previously that "[c]ontinuances are a matter of sound trial strategy within the reasonable purview of counsel. To hold that counsel cannot unilaterally request continuances that would delay a hearing beyond the time limits imposed by the Board's regulations would severely hamper counsel's ability to effectuate trial strategy." *Chancey v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 42, 47, 477 A.2d 22, 24-25 (1984); *see also LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985). We find, therefore, that the Board properly relied on the letter received from the Office of Public Defender in granting a continuance of Petitioner's violation hearing.

The continuance granted on October 11, 1984, therefore, stopped the running of the 120-day time limitation as to Petitioner's technical violation pending disposition of the criminal charges. When a conviction was obtained on May 17, 1985, he was entitled to a hearing on both the technical violation and the new conviction within 120 days of that date. *See* 37 Pa. Code §71.4(2). We find that the hearing held on October 9, 1985 was timely, discounting the period after which Petitioner requested a continuance of his September 11, 1985 hearing.

Petitioner also contends that the Board's finding of the violation of Parole Condition 5(a) is not supported by substantial evidence. The Board's decision was based on a urinalysis report from the Lehigh Valley Hospital Center, which was submitted by Petitioner's parole agent, and the testimony of a detective from the Lancaster City Bureau of Police, who stated that Petitioner admitted in two separate interviews to using heroin. Petitioner argues that the laboratory report was hearsay evidence that should not have been considered by the Board, because he was not able to cross-examine the person who performed the urinalysis as to the reliability of the procedure or the results, and that the detective's testimony was insufficient to substantiate the charge of the 5(a) violation.

Even though a revocation order cannot be based solely on hearsay, *Grello v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984), hearsay evidence is admissible upon a finding on the record of good cause to deny the parolee the rights of confrontation and cross-examination. 37 Pa. Code §71.5(d). *See also Jefferson v. Pennsylvania Board of Probation and Parole,* 95 Pa. Commonwealth Ct. 560, 506 A.2d 495 (1986).

This Court has recently set forth standards to apply to the admission of laboratory reports in parole revocation proceedings. *See Powell v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986). We stated in *Powell* that to be admissible under the good cause exception in 37 Pa. Code §71.5(d), the report should contain "indicia of regularity and reliability," specifically "[t]he letterhead of the approved laboratory, the signature of a known and responsible member of its staff, or some other mark of reliability." Slip op. at 12.

In *Powell,* we held that the urinalysis report at issue should not have been admitted, despite the examiner's

finding of good cause. It was insufficient that the report contained the names of the pathologist and the laboratory director and that the laboratory was approved by the Pennsylvania Department of Health.

In the present case, the Board admitted the laboratory report over Petitioner's objection without making an explicit finding of good cause, merely noting that the Lehigh Valley Hospital Center is licensed by the Department of Health.[4] The report does not include the letterhead of the laboratory and is not signed by a staff member. There is nothing on the face of the report, or in the record below, to provide any "indicia of regularity and reliability."

Based on the standards set forth by this Court in *Powell*, we hold that the Board erred in admitting the urinalysis report of the Lehigh Valley Hospital Center and that there is, therefore, an absence of substantial evidence to support the finding of a violation of Parole Condition 5(a).[5]

ORDER

The order of The Pennsylvania Board of Probation and Parole, dated December 9, 1985, is vacated as to

---

[4] The Board's statement from the record regarding the admissibility of the report is as follows: "We overrule your object [sic] to the Lab report . . The Lehigh Valley Hospital Center is the Lab that did the report . . uses for the purpose of these tests. [sic] and is licensed by the Department of Health, so we'll accept the report." Notes of Testimony from October 9, 1985 at 9.

[5] After careful consideration we are assured that there is no issue arising from our Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), presented in this case. Even if we were to find substantial evidence to support Petitioner's technical parole violation, the violation arose from his alleged use of *morphine*. The subsequent arrest and conviction concerned charges of delivery of heroin, clearly not the same act.

the technical parole violation and remanded for recomputation of backtime.

Jurisdiction relinquished.