IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darryl Blackwell,                        :
                   Petitioner    :
                                        :
      v.                          : No. 1750 C.D. 2019
                                        : SUBMITTED: June 26, 2020
Pennsylvania Board of                    :
Probation and Parole,                    :
                   Respondent   :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                  FILED: August 4, 2020

Darryl Blackwell (Blackwell) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).[1] The Board denied Blackwell's request for administrative relief and upheld its decision recommitting Blackwell to serve nine months of backtime as a technical parole violator (TPV). After thorough review, we affirm the Board's decision.

## I. Background

In August 2002, Blackwell was convicted and sentenced to a prison term of 11 years, 3 months to 22 years, 6 months for numerous criminal offenses including possession of a weapon, simple assault (two counts), contempt for violation of orders (four counts), terroristic threats, harassment, criminal mischief, and possession of an

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

instrument of a crime. Certified Record (C.R.) at 5. His minimum parole date was October 7, 2012, and his maximum sentence date was January 7, 2024. *Id.*

In September 2014, Blackwell was paroled to Wernersville Community Corrections Center (Wernersville CCC). C.R. at 34. In April 2015, he was released from Wernersville CCC to his approved home plan. *Id.* In June 2015, he was recommitted to serve six months of backtime as a TPV for traveling outside his district without permission. *Id.*

In December 2015, Blackwell was re-paroled to Harrisburg Community Corrections Center (Harrisburg CCC). C.R. at 35. In August 2016, he was successfully discharged from Harrisburg CCC to his approved home plan. Also in August 2016, he was successfully discharged from the Batterer's Intervention Program at Commonwealth Clinical Group. *Id.*

In June 2017, a woman reported Blackwell held her against her will, hit her, and spat on her. *Id.* Blackwell was arrested by agents of the Board for violating condition 5c of his parole, which required him to refrain from assaultive behavior. *Id.* However, he was subsequently released after his alleged victim recanted her assault accusation against him. *Id.* The Board ordered him to have no contact with the alleged victim and to participate again in the Batterer's Intervention Program. *Id.* In January 2018, Blackwell was again successfully discharged from the Batterer's Intervention Program at Commonwealth Clinical Group. *Id.*

In May 2018, Blackwell was arrested by Harrisburg police and charged with "strangulation – applying pressure to throat or neck," a second-degree felony, after his girlfriend reported he grabbed her by the throat and held her down with sufficient pressure on her throat that she could not breathe and began to pass out.[2] *Id.* The

---

[2] The Certified Record does not indicate whether this victim was the same person involved in the 2017 alleged incident.

responding officer observed abrasions and scratches on the victim's neck and a laceration on her tongue where she stated she bit herself while struggling with Blackwell. *Id.*

The Board lodged a warrant to commit and detain Blackwell pending disposition as a TPV. C.R. at 45. The Board's cited reasons for detention included "seriousness of offense," "assaultive behavior," and "other – domestic violence in nature." *Id.* In June 2018, the felony strangulation charge against Blackwell was changed to a summary offense of "disorderly conduct – engage in fighting," to which he pleaded guilty. *Id.* As a result of his guilty plea to the disorderly conduct charge, the Board charged Blackwell with a technical parole violation of condition 4 of his parole, "comply with all municipal, county, state and federal criminal laws . . . ." C.R. at 50; Notes of Testimony, 7/13/18 (N.T.) at 6.

In July 2018, the Board held a hearing on the technical parole violation before a hearing examiner and a Board member. *See generally* N.T. The supporting evidence was Blackwell's guilty plea to the summary offense of "disorderly conduct – engage in fighting." N.T. at 7. Blackwell's parole agent testified as a witness and offered three documentary exhibits in support of the alleged technical parole violation. First, the agent submitted a copy of the criminal complaint and related affidavit of probable cause (Cmwlth. Ex. 1), signed by the magisterial district judge (MDJ) and stamped and signed by the officer who prepared it. N.T. at 7-9; C.R. 87-90. Second, the parole agent submitted a printout of the original criminal docket regarding the felony strangulation charge from the MDJ's office, with the MDJ's electronic signature and seal (Cmwlth. Ex. 2). N.T. at 10-11; C.R. at 91-93. Third, the parole agent submitted a printout of the docket from the MDJ's office showing the change to a summary offense of "disorderly conduct – engage in fighting" and

3

Blackwell's guilty plea to that charge, also with the MDJ's electronic signature and seal. N.T. at 11-12; C.R. at 94-96. The parole agent testified that he obtained the documents personally from the MDJ's office. N.T. at 10, 12.

Blackwell, through counsel, objected to all three exhibits as hearsay and violations of Blackwell's right of confrontation, because the copies were not separately certified beyond the certifications on the original documents. N.T. at 7-12. The hearing officer accepted the documents into evidence over counsel's objections. *Id.*

Following the hearing, in August 2018, the Board issued a Violation Hearing Report (Report) indicating that the technical violation charge related to condition 4 of Blackwell's parole. C.R. at 79. The Report reflected that Blackwell offered no defense to the violation, other than objecting to the admission of the documentary exhibits. C.R. at 80. The Report further reflected the Board's finding, by a preponderance of the evidence, that Blackwell violated condition 4 of his parole. C.R. at 81. The Board relied on evidence consisting of the parole agent's testimony, copies of the MDJ records, and the Board's forms 257T,[3] 257H,[4] and 257N.[5] *Id.* Notably, ***Blackwell does not challenge the Board's reliance on the parole agent's testimony or the various Board forms.***

The Board found placement in county jail was appropriate because the parole violation was assaultive. *Id.* Accordingly, the Board recommitted Blackwell as a TPV to serve nine months of backtime. C.R. at 82, 104, 106.

---

[3] Technical Violation Arrest Report related to felony strangulation charge. C.R. at 45.

[4] Supervision History, including a description of the felony strangulation charge. C.R. at 34-36.

[5] Notice of Charges and Hearing relating to the felony strangulation charge, signed by Blackwell. C.R. at 37.

In September 2018, Blackwell filed a timely Administrative Remedies Form with the Board, seeking relief from its recommitment decision. C.R. at 109. In his request for relief, Blackwell renewed his argument that the documentary evidence from the MDJ's office was inadmissible hearsay because the copies were not certified separately from the seals on the original documents. C.R. at 110. In November 2018, the Board issued a written decision finding there was substantial evidence in support of recommitment and affirming the recommitment decision. C.R. at 127-28.

Blackwell then petitioned for review in this Court.

## II. Issue

On review,[6] Blackwell contends photocopies of certified documents constitute inadmissible hearsay, and the Board's admission of such documents into evidence denied his right of confrontation and cross-examination under the Board's regulation, 37 Pa. Code § 71.2(11)(iv). Blackwell asserts the Board erred in admitting such hearsay evidence over his objections and in relying on that evidence as support for its decision recommitting him as a TPV.

## III. Discussion

In a recommitment proceeding, the Board has the burden of proving a violation of parole by a preponderance of the evidence. *Chapman v. Pa. Bd. of Prob. & Parole*, 484 A.2d 413 (Pa. Cmwlth. 1984) (citing 37 Pa. Code § 71.2(20)). Here, Blackwell's sole argument is that the Board erred in accepting into evidence copies of documents relating to his 2018 arrest and the resulting felony strangulation

---

[6] Under Section 704 of the Administrative Agency Law, our review of the Board's decision is limited to a determination of whether the Board's findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the Board's decision violated Blackwell's constitutional rights. 2 Pa.C.S. § 704; *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 164 n.2 (Pa. Cmwlth. 2016).

charge.  Blackwell insists that although the original documents were sealed or certified, the copies were not separately recertified.  Thus, Blackwell contends that the Board impermissibly admitted and relied on hearsay.  Further, Blackwell asserts the Board violated his right of confrontation under a Board regulation by admitting hearsay evidence.  We discern no merit in Blackwell's argument.

Pennsylvania law is settled that copies of court documents and other public records need not be separately certified to be admissible in evidence.  *See Anderson v. Pa. Bd. of Prob. & Parole*, 497 A.2d 947 (Pa. Cmwlth. 1984); *Chapman*.  In *Anderson*, this Court addressed evidentiary issues closely analogous to those raised by Blackwell here.  The petitioner argued the Board erred by admitting copies of a criminal docket sheet and police department property receipt at his recommitment hearing.  Because the copies had not been recertified under seal, the petitioner asserted they were inadmissible hearsay.  This Court disagreed.  Regarding the uncertified copy of the docket sheet, we held that "photocopies of court records need not be additionally certified. . . ."  *Id.* at 949 (citing 37 Pa. Code § 71.5(b)[7]) (quoting *Davis v. Pa. Bd. of Prob. & Parole*, 481 A.2d 714, 717 (Pa. Cmwlth. 1984)).  Similarly, in *Chapman*, this Court found a copy of a certified docket showing the petitioner's guilty plea to aggravated assault and criminal conspiracy was sufficient in itself to support recommitment for a technical parole violation of assaultive conduct.  *Chapman*, 484 A.2d at 416.

Further, in *Anderson*, we also found all of the documents at issue were public records.  Under Section 6109(b) of the Judicial Code, the Uniform Photographic

---

[7] "In hearings conducted [by the Board], documentary evidence and reports, including, but not limited to, depositions, written interrogatories, affidavits, laboratory reports, business records, public records, official records and letters rogatory, may be utilized solely, if the panel or examiner is satisfied as to their authenticity, relevancy, accuracy and reliability."  37 Pa. Code § 71.5(b).

6

Copies of Business and Public Records as Evidence Act, a reproduction of a record of "any department or agency of government . . . when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding, whether the original is in existence or not. . . ." 42 Pa.C.S. § 6109(b).[8] Therefore, we concluded the copies at issue in *Anderson* were "specifically made admissible" by Section 6109(b). *Anderson*, 497 A.2d at 950.

Of significance here, Blackwell now concedes the admissibility of Commonwealth Exhibit 3, a copy of the criminal docket sheet documenting his guilty plea to the charge of "disorderly conduct – engage in fighting." Blackwell's Br. at 7. The docket sheet itself constituted substantial evidence establishing that Blackwell engaged in assaultive behavior and thereby violated condition 4 of his parole, which required him to comply with all federal, state, county, and municipal laws while on parole. *See Thompson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 603 C.D. 2017, filed Jan. 27, 2018),[9] slip op. at 10-11, 2018 Pa. Commw. Unpub. LEXIS 46, at *14 (unreported) (copy of criminal docket showing new conviction was adequate to support recommitment decision, as it constituted substantial

---

[8] Section 6103 of the Judicial Code, 42 Pa.C.S. § 6103, generally requires certification of photocopies of court records in order for those records to be admissible. However, this Court has found that Section 6103 is inapplicable to the Board. *See Blackwell v. Pa. Bd. of Prob. & Parole*, 516 A.2d 856, 859 (Pa. Cmwlth. 1986) (citing 42 Pa.C.S. § 6101) ("***[e]xcept as otherwise provided by statute or regulation promulgated pursuant thereto by a government agency***, the provisions of this subchapter shall apply to matters heard by judicial tribunals and to all matters heard by government agencies of this Commonwealth") (emphasis added); 37 Pa. Code § 71.5(b)); *Davis v. Com.* 481 A.2d 714, 717 (Pa. Cmwlth. 1984) (same).

[9] We cite this Court's unreported decision as persuasive pursuant to our Internal Operating Procedures, 210 Pa. Code § 69.414(a).

7

evidence and satisfied the Board's burden of proving the new conviction by a preponderance of the evidence).[10]

Furthermore, Blackwell would not be entitled to relief, even if we had deemed the challenged documents to constitute hearsay evidence, as his felony arrest and the strangulation incident giving rise to the arrest and felony charge were separately documented in Board forms 257T, 257H, and 257N. *See* C.R. at 34-37, 45. The Board's decision indicated it relied in part on these documents in making its recommitment decision, *id.* at 81, and **Blackwell has not challenged that reliance** here.[11] Thus, regardless of whether the copies of the arrest report, affidavit of probable cause, and docket regarding the felony strangulation charge were admissible, the Board's decision was still supported by substantial evidence.

We likewise find Blackwell's confrontation rights argument to be without merit. The Board's regulation concerning confrontation, on which Blackwell

---

[10] Notably, in *Thompson v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth. No. 603 C.D. 2017, filed Jan. 27, 2018), slip op. at 10-11, 2018 Pa. Commw. Unpub. LEXIS 46, at *14 (unreported), this Court also found petitioner's appointed counsel demonstrated entitlement to withdraw. As the evidence of the new conviction constituted substantial evidence and sustained the Board's burden of proof, we found the record lacked arguable support for the petitioner's argument on review. Therefore, counsel was entitled to withdraw because the petitioner's legal position lacked merit and was wholly frivolous. Here, Blackwell's counsel did not seek to withdraw, but our analysis in *Thompson* is nonetheless persuasive concerning the lack of merit in Blackwell's argument.

[11] Although Blackwell was not convicted of the felony strangulation charge, that fact does not preclude the Board's reliance on evidence concerning the events underlying his arrest on that charge. "'The quantum of proof necessary to establish grounds for parole revocation is significantly less than that required to sustain a criminal conviction . . . . [A] basis for revoking parole is established by evidence of probative value substantiating the parolee's violation of the terms of his parole.'" *Washington v. Pa. Bd. of Prob. & Parole*, 458 A.2d 645, 647 (Pa. Cmwlth. 1983) (quoting *Com. v. Rossetti*, 388 A.2d 1090, 1092 (Pa. Super. 1978) (citations omitted)).

relies,[12] states: "Before the violation hearing the parolee or counsel shall be notified of . . . [t]he right to cross-examine an adverse witness who appears at the hearing, unless the panel or examiner specifically finds good cause for not allowing confrontation." 37 Pa. Code § 71.2(11)(iv). This regulation is facially inapplicable to a hearsay objection, inasmuch as it relates solely to the right to confront and cross-examine *a witness who appears* at the violation hearing – *not* a right to object to documentary evidence. Moreover, as we have concluded the documents at issue were admissible without certification, no authenticating witness was required. Therefore, no right of confrontation or cross-examination is implicated.

## IV. Conclusion

Based on the foregoing discussion, the decision of the Board is affirmed.

_____
ELLEN CEISLER, Judge

---

[12] Blackwell neither cites nor otherwise refers to any constitutional confrontation rights.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darryl Blackwell,                                    :
                        Petitioner                   :
                                                     :
        v.                                           :   No. 1750 C.D. 2019
                                                     :
Pennsylvania Board of                                :
Probation and Parole,                                :
                        Respondent                   :

# **O R D E R**

AND NOW, this 4th day of August, 2020, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
ELLEN CEISLER, Judge