Montgomery Township, Petitioner *v.* Commonwealth of Pennsylvania, Bureau of Social Security for Public Employees, Respondent.

Argued February 1, 1982, before Judges MENCER, BLATT and DOYLE, sitting as a panel of three.

*William R. Cooper,* with him *Emory W. Buck, Cooper & Greenleaf,* for petitioner.

*Daniel R. Shuckers,* Assistant Counsel, with him *Stephen B. Lipson,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 1, 1982:

Montgomery Township (Petitioner) appeals here from an order of a hearing examiner of the Bureau of Social Security for Public Employes (Bureau) of the Pennsylvania Department of Labor and Industry affirming a Bureau adjustment determination which assessed Petitioner for unremitted social security contributions in the amount of $1,244.96. We affirm.

The facts in this case are not in dispute. On July 5, 1968, Petitioner entered into an agreement with the Secretary of the Department of Labor and Industry (Secretary), acting in his capacity as a "State Agency" pursuant to Section 3 of the Act of January 5, 1952 (Act), P.L. (1951) 1833, 65 P.S. §203, for the extension of certain federal social security benefits to Petitioner's employees. In return for this extension of benefits, Petitioner agreed to remit to the Bureau a sum of money equal to the social security obligations which would otherwise be imposed by Sections 208(b) and 208(c) of the Internal Revenue Code of 1954, 26 U.S.C. §3101 and §3111, for each of its "employe[s]." Section I(h) of the agreement, in turn, defined the term "employe" as "an employe as defined in Section 210(j) of the Social Security Act and shall include an officer of this Political Subdivision."

Thereafter, at a date which is not disclosed in the record before us, the Bureau reviewed Petitioner's records and discovered that the Township had failed to remit any social security contributions for sums of money it had paid to Elmer Hagan, Jr., the fire marshall and to Vernon Sinn, the occupation tax collector in the years of 1975 through 1977. Since the Bureau considered these payments to be "wages" within the intendment of Section I(g) of Petitioner's July 5, 1968 agreement, and since it considered both of the individuals involved to be "employe[s]" within the intendment of Section I(h) of the agreement, the Bureau subsequently entered an adjustment determination against Petitioner for the unremitted social security contributions it calculated Petitioner should have paid to the Bureau. Petitioner subsequently refused to pay this assessment, however, and appealed the Bureau's determination to a Bureau hearing examiner. At a hearing conducted on September 26,

1980, Petitioner alleged that both its fire marshall and occupation tax collector were "independent contractors" as opposed to "employees," and that they were therefore not covered by the terms of the July 5, 1968 agreement. After reviewing the evidence submitted by Petitioner, however, the hearing examiner concluded (1) that the remuneration Petitioner's fire marshall and occupation tax collector received from Petitioner from 1975 through 1977 constituted "wages" within the intendment of Section I(g) of Claimant's July 5, 1968, agreement, (2) that Claimant's fire marshall and occupation tax collector were township "officials," and therefore "employe[s]" within the intendment of Section I(h) of the July 5, 1968 agreement, and (3) that Petitioner was accordingly liable to the Bureau for unremitted social security contributions for these individuals for the years 1975 through 1977. The Bureau's adjustment determination was therefore affirmed, and the present appeal followed.

Our review of Bureau adjudications is governed by the provisions of Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, which limits our review to determining whether the adjudication below was supported by substantial evidence, whether an error of law was committed, or whether the petitioner's constitutional rights were violated.

Before this Court, Petitioner initially alleges that it was denied procedural due process in the proceedings below since the attorney the Secretary appointed to act as hearing examiner came from the same office in the Department of Labor and Industry as the attorney who represented the Bureau at the September 26, 1980 hearing.

It is well established that the due process clause of the fourteenth amendment of the United States

Constitution requires fair trials before impartial tribunals, and that this requirement extends to administrative tribunals, as well as courts. *Withrow v. Larkin*, 421 U.S. 35 (1975). In Pennsylvania, our courts have recognized that the fourteenth amendment's requirement of a fair trial is violated where prosecutorial and adjudicatory functions are commingled in a single individual. *Department of Insurance v. American Bankers Insurance Company of Florida*, 478 Pa. 532, 387 A.2d 449 (1978); *Dussia v. Barger*, 466 Pa. 152, 351 A.2d 667 (1975); *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969); *Bruteyn v. State Dental Council and Examining Board*, 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977). Our Supreme Court has also recognized that it is constitutionally permissible to have prosecutorial and adjudicatory functions handled by separate branches of an administrative entity. *See State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 318 A.2d 910 (1974). Where, as here, prosecutorial and adjudicatory functions are handled by separate individuals operating out of the same office, we have noted that such an arrangement "comes perilously close" to a violation of due process. *Pennsylvania Human Relations Commission v. Thorp, Reed and Armstrong*, 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976); *State Board of Medical Education and Licensure v. Grumbles*, 22 Pa. Commonwealth Ct. 74, 347 A.2d 782 (1975). Such an arrangement will not be deemed to be constitutionally infirm, however, where there is no evidence of record indicating actual bias. *Bryan v. Pennsylvania Human Relations Commission*, 45 Pa. Commonwealth Ct. 125, 404 A.2d 1368 (1979).

In *Thorp,* this Court declined to invalidate an adjudication on due process grounds where both the

prosecutor and the hearing body advisor came from the same legal department of the Pennsylvania Human Relations Commission. In reaching this result, we noted that the record indicated that there was no dispute between the parties as to the facts of the case, that the legal issues involved were fully reviewable by this Court, and hence, that the parties rights were fully protected. Similarly, in the present case, we do not believe there is any evidence of record indicating actual bias. Here, as in *Thorp*, the petitioner is not challenging any of the factual findings made below, and the legal issues being raised on appeal are fully reviewable by this Court. Although Petitioner argues that the simple fact that the hearing examiner came from the same legal department as the attorney representing the Bureau is itself a sufficient indication of actual bias, we do not believe that this fact, standing alone, is a sufficient basis for invalidating the adjudication below.

Petitioner next alleges that the hearing examiner erred as a matter of law by concluding that the remuneration Petitioner's fire marshall received from the township constituted ''wages'' within the intendment of Section I(g) of Petitioner's July 5, 1968 agreement with the ''State Agency.''

Section I(g) of Petitioner's social security agreement defines ''wages'' as

all remuneration for employment . . . except that such term shall not include that part of such remuneration which even if it were paid for *employment* within the meaning of the Federal Insurance Contributions Act would not constitute *wages* within the meaning of that Act. (Emphasis added.)

Section 204(a) of the Federal Insurance Contributions Act, 26 U.S.C. §3121(a), in turn, defines ''wages'' as ''remuneration for employment'' and lists numer-

ous exceptions to this definition. Treas. Reg. §31.3121(a)-1(h) (1960), interpreting the provisions of Section 204(a), provides:

Amounts paid specifically—either as advances or reimbursements—for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages. Traveling and other reimbursed expenses must be identified either by making a separate payment or by specifically indicating the separate amounts where both wages and expense allowances are combined in a single payment.[1]

In its brief to this Court, Petitioner argues that the hearing examiner erred by concluding that the remuneration paid to Petitioner's fire marshall constituted "wages" within the intendment of Section I(g) of the agreement, since the record indicates that the remuneration the fire marshall received was simply a reimbursement of expenses, and therefore excludible under the provisions of Treas. Reg. §31.3121(a)-1(h). Treas. Reg. 31.3121(a)-1(h), however, requires a specific indication by the employer that the remuneration paid is for reimbursement of expenses, and if that certification isn't present, the remuneration involved is not excludible even if it is in fact spent for business related expenses. *See Thompson v. Weinberger,* 548 F.2d 1122 (4th Cir., 1976). In the present case, the record shows that the Petitioner paid its fire marshall a fixed amount twice a year regardless of his actual expenses, and that the fire marshall never submitted any expense vouchers or receipts to Petitioner to verify expenses. In addition, nothing in the record before us indicates that

---

[1] An identical provision is found at Section 404.1045 of Title 20 of the Code of Federal Regulations.

Petitioner, as opposed to the fire marshall, ever considered the remuneration it paid to the fire marshall to be a reimbursement for specific expenses. In light of these uncontested facts, we believe that the remuneration the fire marshall received was not excludible under the provisions of Treas. Reg. 31.3121-(a)-1(h), and that the hearing examiner properly concluded that the remuneration involved constituted "wages" within the intendment of Section I(g) of the July 5, 1968 agreement.

Finally, Petitioner contests the hearing examiner's conclusion that Petitioner's fire marshall and occupation tax collector were "employe[s]" within the intendment of Section I(h) of Petitioner's July 5, 1968, social security agreement.

Section II of Petitioner's agreement extends social security benefits to all township "employe[s]" which term, as noted above, is defined in Section I(h) of the agreement as "an employe as defined in Section 210(j) of the Social Security Act and shall include an officer of the Poltical Subdivision." Section 210(j) of the Social Security Act, 42 U.S.C. §410(j), in turn, provides for an expansive definition of the term "employee" which includes, *inter alia,* those individuals "who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee."

In Pennsylvania the common law test for an employer-employee relationship has been expressed as follows:

> The relationship of employer and employe exists when a party has the right to select the employe, the power to discharge him, and the right to direct both the work to be done and the manner in which such work shall be done. McColligan v. Pennsylvania Railroad Co., 214 Pa. 229, 63 A. 792 (1905). See, also Smalich v.

Westfall, 440 Pa. 409, 269 A.2d 476 (1970); Ragano v. Socony Vacuum Oil Co., 376 Pa. 271, 101 A.2d 686 (1954). The duty to pay an employe's salary is often coincident with the status of employer, but is not solely determinative of that status. Rodgers v. Washington County Institution District, 349 Pa. 357, 37 A.2d 610 (1944).

*Sweet v. Pennsylvania Labor Relations Board*, 457 Pa. 456, 462, 322 A.2d 362, 365 (1974).

Applying the above test to the facts of this case we note that during the years at issue in this appeal Section 3(b) of Montgomery Township's fire prevention code (code) expressly gave the township's Board of Supervisors the power to both appoint and dismiss the township's fire marshall. Other provisions of the code expressly defined and limited the powers and duties of the fire marshall who, under the provisions of Section 3(b), served "at the pleasure of the Board of Supervisors." In addition, by having the power to amend these provsions, it is clear that Petitioner had the right to control both the duties of the fire marshall and the manner in which he performed them. Finally, as we noted above, the fire marshall received a fixed amount for his services which was paid directly to him by the township. We believe that these undisputed facts, viewed in their entirety, can only lead to the conclusion that Petitioner's fire marshall was an employee, as opposed to an independent contractor, during the years at issue in this appeal, and that the hearing examiner therefore correctly concluded that Petitioner's fire marshall was an "employee" within the intendment of Section I(h) of Petitioner's social security agreement during the years 1975 through 1977.

With respect to Petitioner's occupation tax collector, the record shows that the individual involved

was appointed to his position by a resolution of the Board of Supervisors pursuant to the provisions of Section 10 of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6910, that he performed his duties primarily at home but used stationery, stamps, and tax forms supplied by the township, that he submitted all of his tax receipts to the township, that he received a 4% commission from the township after he submitted all of his tax receipts, and that he didn't work as an occupation tax collector for any other townships. After carefully reviewing these facts in the context of the present case, we believe that the only conclusion that can be drawn from them is that the township's occupation tax collector was also an employee as opposed to an independent contractor, and that the hearing examiner therefore properly found him to be an "employe" within the intendment of Section I(h) of Petitioner's social security agreement.

Accordingly, we will enter the following

ORDER

Now, September 1, 1982, the order of the Bureau of Social Security For Public Employes, dated December 18, 1980, is affirmed.

This decision was reached prior to the resignation of Judge MENCER.