516 A.2d 856

Bobby W. Blackwell, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 25, 1986, to Judges MacPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 28, 1986:

Bobby W. Blackwell (Petitioner) has petitioned for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief.

On August 20, 1979, the Petitioner was paroled from a sentence of four-to-ten years on a conviction of rape. He was recommitted on January 24, 1980, and paroled again on February 27, 1981. The Petitioner absconded from parole supervision and was declared delinquent by the Board. Subsequently he was found in Florida, where he had been arrested under the name of Bobby Johnson and was serving a two-and-a-half year sentence in the Florida Correctional System, which was imposed on January 19, 1983, for resisting an officer with force and violence. While in Florida, he had also been convicted of carrying a concealed weapon (knife), battery, criminal mischief, retail theft and resisting a merchant. The Board lodged its detainer with the Florida authorities on May 25, 1983 and the Petitioner was returned to Lycoming County Prison while serving his Florida sentence, under Florida's Interstate Agreement on Detainers, for disposition of an open charge. On May 26, 1983, the Petitioner was technically arrested by the Williamsport, Pennsylvania, police and was charged with, and later convicted of, burglary, attempted rape, indecent assault, simple assault, terroristic threats and criminal trespass committed on June 24, 1981 in Pennsylvania while on parole.

On August 8, 1984, the Board held a full Parole Board Violation and Revocation Hearing where the Petitioner was represented by counsel. Raymond P. McGinnis, one of the Board members on the panel for Petitioner's hearing, was the Petitioner's parole officer at

the time of his alleged parole violations. Mr. McGinnis remained on the panel and took part in the hearing and decision making in this case over the Petitioner's objection.

During the hearing, counsel for the Petitioner also objected to documents submitted by the Commonwealth as supporting evidence of the Petitioner's convictions in Florida. The Board admitted these documents over the Petitioner's objections.

On August 22, 1984, the Board issued an order recommitting the Petitioner as both a technical and convicted parole violator to serve his unexpired term of four years, four months and four days. Specifically, the Board recommitted the Petitioner as a technical parole violator for twelve months for multiple violations of Condition # 9 (refraining from owning and possessing any firearm, deadly weapon or other offensive weapon) and Condition # 10 (refraining from overt behavior which threatens and presents a clear and present danger to yourself and others) and as a convicted parole violator for his unexpired term of four years, four months and four days for his Florida and Pennsylvania convictions.

On September 13, 1984, the Petitioner wrote a letter to the Board "to appeal" the Board's decision. The Board treated this letter as a *pro se* request for administrative relief and denied the Petitioner's request on September 21, 1984. On September 24, 1984 the Board received a request for administrative relief sent by Petitioner's counsel.[1] Although this petition was untimely, as it was filed beyond the 30-day limit set by 37 Pa. Code §71.5(h), the Board denied this request on the merits.

_____

[1] The second Petition for Review is not contained in the record, although the Board's response to it is. Since neither party disputes the existence of the petition, we will treat it as having been sent for purposes of this appeal.

On appeal to this Court the Petitioner raises three issues. First, he contends that his parole revocation hearing was tainted by bias because Mr. McGinnis sat on the panel. Mr. McGinnis, as the Petitioner's parole agent, wrote a violation report and an addendum to it recommending that the Petitioner be recommitted for the unexpired term of his sentence. This report is a part of the record below. In essence, Mr. McGinnis was, via these reports, a witness against the Petitioner. Also, by making a recommendation to the Board, Mr. McGinnis was involved in the decision making process before he sat as a member of the panel to decide whether the Petitioner should be recommitted. The due process safeguards of a parole revocation hearing are: (a) written notice of the claimed violations of parole; (b) disclosures to parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) *a neutral and detached hearing body* such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *Gagnon v. Scarpelli,* 411 U.S. 711 (1973); *Commonwealth v. Ruff,* 272 Pa. Super. 50, 414 A.2d 663 (1979). Clearly, the neutrality of Mr. McGinnis therefore could be legitimately questioned and, under a due process review, must be considered to have been compromised in the factual context presented here, regardless of any real or imagined bias on the part of Mr. McGinnis.

The Board argues that the Petitioner waived his objection to Mr. McGinnis' participation because, when asked if he would wait until next month for a hearing when Mr. McGinnis would not be a member of the

Board, the Petitioner said no. The Petitioner refused to wait because, for reasons not disclosed in the record, he wished to be moved out of the particular institution he was in and that could only be accomplished after his parole revocation hearing was held. The Board told the Petitioner that if he chose to continue with Mr. McGinnis as a member of the panel and he was unhappy with their determination, he could request a rehearing based on Mr. McGinnis' participation.[2] The Petitioner agreed to this.

---

[2] Board members, Mr. Forbes, Mr. Scheipe and Mr. McGinnis, the Petitioner and Petitioner's counsel, agreed to proceed with the hearing following this colloquy:

Mr. Forbes: No, I think the most appropriate way of doing this is if Mr. Blackwell upon receiving his 15 on his return in terms of final decision, if he's displeased with that decision and he bases his displeasure on Mr. McGinnis being here, that he is prejudiced, then he could ask for a Full Board Revocation Hearing again based upon that evidentiary information.

Mr. Scheipe: Are you aware that next month the Board sits Mr. McGinnes probably not on this.

Mr. McGinnis: No, I'm not on it.

Mr. Forbes: But he doesn't want to stay here.

Mr. Blackwell: I don't want to stay here, I don't. . . .

Attorney: Well, what we'll do then is we'll object for the record and you deal with that objection as you want.

Mr. Blackwell: I don't want no postponement.

Mr. Forbes: And if he's displeased when he get [sic] his 15, he'll be at another institution, he can then petition for a rehearing based upon what he feels was prejudicial finding because Mr. McGinnis was here.

Attorney: Do you understand that?

Mr. Blackwell: Yep.

Attorney: You would, you would, you would, there'd be no objection from the Board to that?

Mr. Forbes: No, we wouldn't object.

Attorney: Ok.

Even if the right to a neutral and detached hearing body can be waived, the Petitioner here did not waive it. It is clear from the record that his objection to Mr. McGinnis remained and that the Petitioner expected that if he did not like the outcome of his hearing that he could request a rehearing based on that objection.

Due process requirements of fair trials before impartial tribunals extend to administrative tribunals as well as courts. *Montgomery Township v. Bureau of Social Security for Public Employees,* 68 Pa. Commonwealth Ct. 525, 449 A.2d 841 (1982). In *Donnon v. Downington Civil Service Commission,* 3 Pa. Commonwealth Ct. 366, 283 A.2d 92 (1971) we wrote that "it is no longer necessary to find *actual evidence of bias* by an *administrative* tribunal to sustain a finding that there was a denial of due process of law." *Id.* at 369, 283 A.2d at 94 (emphasis in original). For this reason the Board's order must be vacated and Petitioner's case remanded for a new hearing before a neutral and detached hearing body.

The Petitioner, relying on Section 6103 of the Judicial Code, 42 Pa. C. S. §6103, next contends that the Board erred in revoking his parole as a convicted parole violator based solely upon photocopies of certified court records of his conviction rather than the certified copies themselves. This argument is without merit. Section 6103 of the Judicial Code, 42 Pa. C. S. §6103 is inapplicable to the Board by operation of Section 6101 of the Judicial Code, 42 Pa. C. S. §6101, and the Board's own regulation at 37 Pa. Code §71.5(d) which permits the Board to utilize documentary evidence if it is satisfied that the evidence is authentic, relevant and accurate. *Davis v. Pennsylvania Board of Probation and Parole,* 85 Pa. Commonwealth Ct. 278, 481 A.2d 714 (1984).

The Petitioner's third contention is that in light of *Rivenbark v. Pennsylvania Board of Probation and Pa-*

*role,* 509 Pa. 248, 501 A.2d 1110 (1985), the Board erred in recommitting him as both a technical and convicted parole violator for the same acts. Since we are remanding this case for a new hearing, we need not address this issue. We are confident that the Board is cognizant of *Rivenbark,* which was decided after the Board's decision in the instant case, and that the Board will be mindful of it on remand.

ORDER

Now, October 28, 1986, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is vacated and this case is remanded to the Pennsylvania Board of Probation and Parole for proceedings consistent with the opinion above.

Jurisdiction relinquished.