# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deandra Thompson,                      :
                          Petitioner   :
                                       :
              v.                       :        No. 603 C.D. 2017
                                       :        Submitted:  November 17, 2017
Pennsylvania Board of Probation and    :
Parole,                                :
                          Respondent   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                   **FILED:  January 17, 2018**


Deandra Thompson (Thompson) petitions for review of the April 18, 2017 Order of the Pennsylvania Board of Probation and Parole (Board) that affirmed the Board's action mailed March 25, 2016, revoking Thompson's parole and recommitting him as a convicted parole violator (CPV).  Thompson is represented by Richard C. Shiptoski, Esquire (Counsel), Assistant Public Defender for Luzerne County.  Counsel has filed a Petition for Leave to Withdraw as Counsel (Application to Withdraw) and an *Anders*[1] Brief, which are based on his conclusion that the issues raised in Thompson's Petition for Review are without merit and are wholly

---

[1] *Anders v. California*, 388 U.S. 924 (1967).

frivolous. For the following reasons, we grant Counsel's Application to Withdraw and affirm the Board's Order.

On January 17, 2007, the Board paroled Thompson from the State Correctional Institution (SCI) – Huntingdon, and he was released from custody on March 19, 2007.[2] At the time of his parole, Thompson's maximum sentence date was February 16, 2029. The Pennsylvania State Police (State Police) arrested Thompson on July 19, 2008, on misdemeanor drug charges, and the Board issued a Warrant to Commit and Detain Thompson on the same day. These charges were ultimately dismissed. The Board issued a Notice of Charges and Hearings on July 22, 2008, advising Thompson that hearings would be held to determine whether he had violated a condition of his parole by smoking marijuana. Thompson waived his right to a violation hearing and a detention hearing, admitting that he had violated that condition of his parole. The Board recommitted Thompson by decision mailed on August 28, 2008, as a technical parole violator (TPV) to serve five months backtime based on his admitted use of marijuana in violation of his conditions of parole and reparole following review. The Board denied Thompson reparole on multiple occasions, but granted reparole on April 19, 2010. However, the Board rescinded that grant before Thompson was released from custody due to misconduct.

While Thompson remained in custody at SCI-Huntingdon, new criminal charges were filed by the State Police on March 13, 2012, accusing him of two counts each of violating Sections 3121(c), 3123(b), and 3126(a)(7) of the Crimes Code, 18 Pa. C.S. §§ 3121(c) (rape of child), 3123(b) (involuntary deviate sexual

---

[2] Thompson was serving multiple sentences for violations of Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30) (relating to the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance) and Section 7512 of the Crimes Code, 18 Pa. C.S. § 7512 (criminal use of a communication facility).

intercourse with a child), 3126(a)(7) (indecent assault on person less than 13 years of age) on or about March 19, 2007, to August 10, 2008. (Certified Record (C.R.) at 73-76, 200.) The charges were held for court via order filed on December 18, 2012, by a magisterial district judge. On July 31, 2012, while the charges were pending, the Board revised its prior actions to remove the "reparole on review" and maximum date provisions, and revised the recommitment portion to indicate that Thompson was recommitted to serve five months as a TPV, "when available, pending the resolution of [his] new criminal charges." (*Id.* at 90.)

The Board issued a Notice of Charges and Hearing advising Thompson that a hearing would be held on December 23, 2015, to determine whether to revoke his parole based on his June 16, 2015 conviction on the new charges. A hearing was held that date, at which he was represented by a public defender. A parole supervisor introduced the criminal complaint against Thompson and a certified copy of the criminal docket, which included entries indicating that Thompson had been convicted by a jury of all of the charges against him. Thompson objected to both as being inadmissible hearsay because the person who certified the document was not present, which the Hearing Examiner overruled. Thompson's counsel acknowledged there was a conviction, but stated that Thompson had some procedural issues related to the underlying criminal case, which he had advised Thompson would have to be taken up in the trial court or on appeal. Thompson testified that he never received the Board's detainer based on the new charges, and the police never filed the charges against him, arrested him on the new charges, or took his fingerprints. The Hearing Examiner explained to Thompson that the prison in which Thompson was confined would have received a copy of the Board's detainer and that any underlying issues related to the validity of the conviction were

3

not before the Board but had to be raised in the trial court or in an appeal of his conviction.

By action mailed on March 25, 2016, the Board recommitted Thompson as a CPV to serve 30 months backtime based on his conviction of the new charges against him to be served concurrent with his 5 months backtime as a TPV. To find that Thompson had been convicted, the Board relied upon the "certified copy of court record proving [your] conviction[,] your acknowledgment of conviction[, and] documented PBPP form." (C.R. at 195.) This action also recalculated Thompson's maximum date to November 9, 2030.

Thompson filed a pro se Administrative Appeal and pro se Petition for Administrative Review (Administrative Appeal) on April 19, 2016, on the bases of insufficient evidence, an error of law, and a violation of constitutional law, stating he

> was never arrested or fingerprinted for a new case on OTN:T158541-5 that do not comprise original records of entry, a chronology of arrests, the identification of arrested individuals, the specification of criminal charges or any other information contained in a "Police Blotter" as defined in 18 Pa. Cons. Stat. 9102 that would be accessible to the public.

(*Id.* at 201.) In addition, he argued that the Board "ha[d] a DC-300B court commitment without a sentence [sic] order. The Board can't have one without the other, because that would be illegal sentence." (*Id.*) By Order mailed on April 18, 2017, the Board responded to Thompson's Administrative Appeal challenging his parole revocation. The Board affirmed its March 25, 2016 action concluding that there was sufficient evidence to prove that Thompson was found guilty and was sentenced on new criminal charges. Furthermore, the Board concluded that there was no error of law or constitutional violation in its March 25, 2016 action revoking

4

Thompson's parole and recommitting him as a CPV. Thompson now petitions this Court for review of the Board's April 18, 2017 Order.

In his Petition for Review, filed by Counsel, Thompson argues that the Board's decision "to recommit him is in error in that a parole violation detainer was not issued, he was not arrested for new criminal charges as indicated by the Board[,] and that the proof of conviction provided is insufficient for purposes of revocation of his parole." (Petition for Review ¶ 13.) After his review of the certified record and relevant precedent and statutory law, Counsel determined that Thompson's "grounds alleged for appeal are without merit and wholly frivolous." (Application to Withdraw ¶ 3.) Accordingly, Counsel filed the Application to Withdraw, along with an *Anders* brief explaining why he believes Thompson's arguments are frivolous, both of which were mailed to Thompson on August 30, 2017. (*Id.* ¶ 5, Attachment.)

Where a parolee's right to counsel is constitutional rather than statutory, appointed counsel must file an *Anders* brief in support of an application to withdraw. A constitutional right to counsel arises in appeals from determinations revoking parole and exists where a parolee has a colorable claim

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes v. Pa. Bd. of Prob. and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009). Where a parolee's right to counsel is not guaranteed by the constitution but instead granted by statute, a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), is sufficient and counsel need not submit an *Anders* brief. *See* Section

6(a) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10); *Commonwealth v. Santiago*, 978 A.2d 349, 351 n.2 (Pa. 2009); *Hughes*, 977 A.2d at 24-25. In the instant matter, given Thompson's arguments related to the procedural deficiencies of his underlying conviction which was the basis of the revocation of his parole, it would appear that he has a constitutional, rather than statutory, right to counsel, which is why Counsel filed the instant *Anders* brief, rather than a no-merit letter.

However, "an indigent parolee's right to assistance of counsel does not entitle the parolee to representation by appointed counsel to prosecute a frivolous appeal." *Adams v. Pa. Bd. of Prob. and Parole*, 885 A.2d 1121, 1123 (Pa. Cmwlth. 2005). Thus, "court appointed counsel may seek to withdraw if counsel concludes, after a thorough review of the record, [that] the appeal is wholly frivolous." *Id.* A wholly frivolous appeal is one that "completely lacks factual or legal reasons that might arguably support" it. *Id.* To withdraw as counsel, court appointed counsel must first establish that he: (1) notified "the parolee of his request to withdraw;" (2) furnished the parolee with a copy of his *Anders* brief or no-merit letter; and (3) advised "the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). Further, counsel's *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

*Seilhamer v. Pa. Bd. of Prob. and Parole*, 996 A.2d 40, 43 n.5 (Pa. Cmwlth. 2010) (emphasis omitted) (quoting *Santiago*, 978 A.2d at 361). If counsel complies with

the technical requirements, this Court will independently assess the merits of the case to determine if the petition for review is, as counsel asserts, frivolous. *Id.* at 44.

A review of Counsel's Application to Withdraw reveals that he has satisfied the technical requirements set forth above. Counsel notified Thompson of his request to withdraw, furnished Thompson with a copy of the *Anders* brief, and informed Thompson that he had a right to obtain new counsel or file a brief raising any issues he believed have merit. (Application to Withdraw, Attachment.) He further explained that after "a conscientious review of the certified record, applicable case law and statutory law," Counsel concluded that Thompson's Petition for Review was without merit and wholly frivolous. (Application to Withdraw ¶ 3.) Similarly, Counsel's *Anders* brief meets the technical requirements in that it: provides, with record citations, a summary of the procedural history and facts; includes, as a reason that arguably supports an appeal, an issue raised in Thompson's Administrative Appeal but not reasserted in the Petition for Review; sets forth Counsel's conclusion that Thompson's Petition for Review is frivolous; and explains Counsel's reasons for that conclusion by discussing relevant citations to the record, case law, and statutory authority. *Seilhamer*, 996 A.2d at 43 n.5. Because Counsel has met the technical requirements for filing an application to withdraw,[3] we will

---

[3] If Thompson does not have a constitutional right to counsel but a statutory one, Counsel would have had to file a no-merit letter, which must include an explanation of "the nature and extent of [counsel's] review and list[ ] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. "Where an *Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Seilhamer*, 996 A.2d at 42-43. As our discussion reflects, Counsel's Application to Withdraw and *Anders* brief likewise satisfies the requirements of a no-merit letter.

now review the merits of the Petition for Review to determine if, indeed, it is frivolous.[4]

Thompson first argues that the Board erred in recommitting him because the Board did not issue a parole violation detainer against him. However, as Counsel notes, Thompson did not raise this issue in his Administrative Appeal, (C.R. at 201), and, therefore, it is "waived for purposes of appellate review by this [C]ourt." *McCaskill v. Pa. Bd. of Prob. and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). Moreover, as Counsel also points out, detainers are just internal administrative documents, *Moody v. Daggett*, 429 U.S. 78, 80 n.2 (1976),[5] and, although Thompson questioned at the revocation hearing why he had not received a copy of the detainer, he acknowledged receiving a letter from a Board records specialist referencing the Board's July 31, 2012 "warrant" that made "him a parole violator pending from July 31, 2012 until the present." (*Anders* Br. at 14 (citing C.R. at 181).) While it is unclear on this record whether a new detainer was issued, at the time the new charges were filed on March 13, 2012, Thompson **was confined** at a SCI actively serving his original sentence based on his 2008 recommitment as a TPV and the Board's subsequent denials of reparole. The Board, thereafter, issued an action dated July 31, 2012, revising its earlier decisions and indicating that

---

[4] In reviewing the Board's orders, our review "is limited to determining whether the Board's findings are supported by substantial evidence, [whether] an error of law [was] committed, or whether any of the parolee's constitutional rights were violated." *Andrews v. Pa. Bd. of Prob. and Parole*, 516 A.2d 838, 841 n.10 (Pa. Cmwlth. 1986).

[5] In this context, a detainer

> is an internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until the jurisdiction asserting a parole violation has had an opportunity to act in this case by taking the inmate into custody or by making a parole revocation determination.

*Moody*, 429 U.S. at 80 n.2.

Thompson **was recommitted** as a TPV to serve 5 months backtime, when available, **pending resolution of Thompson's new criminal charges**. (C.R. at 90.) The Board's regulations provide procedures for the "**Return**" of a parolee "for a new criminal charge," which include that "[a] parolee may be detained on a Board warrant pending disposition of a criminal charge." 37 Pa. Code § 71.3(a) (emphasis added). However, these provisions apply when the parolee is "**not already detained** after appropriate hearings for other . . . technical violations." *Id.* (emphasis added). The Board's July 31, 2012 action effectively authorized Thompson's continued detention until his pending criminal charges were resolved. For any of these reasons, there "lacks factual or legal reasons that might arguably support" Thompson's argument on this issue and, therefore, it lacks merit and is "wholly frivolous." *Adams*, 885 A.2d at 1123.

Thompson next asserts that the Board erred in recommitting him because he was never arrested on the new criminal charges as indicated by the Board's records. At the revocation hearing, Thompson testified that he was never arrested or fingerprinted on the new charges and that those charges were never actually filed against him. (C.R. at 179, 185, 188.) However, as explained by Counsel in his *Anders* brief, and by the Hearing Examiner and Thompson's appointed counsel at the revocation hearing, these issues go to the underlying criminal matter that had to be addressed through the appropriate appeals process and are not relevant to the Board's decision. (*Id.* at 179, 186, 190, 192-93.) In *Chapman v. Pennsylvania Board of Probation and Parole*, 484 A.2d 413, 417 (Pa. Cmwlth. 1984), we stated that it is "well-settled that a parolee cannot use a parole revocation hearing to relitigate issues which have already been determined against him in other forums." Thus, a parolee cannot collaterally attack the fact of a new conviction in a parole

revocation hearing based on an assertion that the underlying conviction was invalid. *Id.* Accordingly, there "lacks factual or legal reasons that might arguably support" Thompson's argument on this issue and, therefore, it lacks merit and is "wholly frivolous." *Adams*, 885 A.2d at 1123.

Thompson also argues that the Board erred in recommitting him because there was insufficient proof that he had been convicted of new criminal charges. The Board bears the burden of proof of showing, by a preponderance of the evidence, that a parolee violated his parole. *Nickens v. Pa. Bd. of Prob. and Parole*, 502 A.2d 277, 279 (Pa. Cmwlth. 1985). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chapman*, 484 A.2d at 416 (internal quotation marks omitted). Here, to show Thompson's conviction of the new charges, the parole supervisor presented a certified copy of the trial court's docket in Thompson's criminal case. Although Thompson objected to this document as hearsay because the person who certified it was not present, that objection was overruled. The Board's regulation at 37 Pa. Code § 71.5(b)[6] permits the Board to use "documentary evidence if it is satisfied that the evidence is authentic, relevant and accurate." *Blackwell v. Pa. Bd. of Prob. and Parole*, 516 A.2d 856, 859 (Pa. Cmwlth. 1986). Moreover, as Counsel points out, this Court has held that certified copies of court records are sufficient to support the recommitment of a parolee as a CPV. *Chapman*, 484 A.2d at 416. The certified

---

[6] This regulation states:

> In hearings conducted under this chapter, documentary evidence and reports, including, but not limited to, depositions, written interrogatories, affidavits, laboratory reports, business records, public records, official records and letters rogatory, may be utilized solely, if the panel or examiner is satisfied as to their authenticity, relevancy, accuracy and reliability.

37 Pa. Code § 71.5(b).

10

copy of the criminal docket shows that Thompson had been convicted on the new charges filed against him, and a reasonable mind might accept that evidence as adequate to support the Board's conclusion. As such, the Board's finding of Thompson's new conviction is supported by substantial evidence and satisfies its burden of proving that conviction by a preponderance of the evidence. Thus, there "lacks factual or legal reasons that might arguably support" Thompson's argument on this issue and, therefore, it lacks merit and is "wholly frivolous." *Adams*, 885 A.2d at 1123.

Finally, in his review of the certified record, Counsel identified another issue, raised by Thompson in his Administrative Appeal, that the Board "ha[d] a DC-300B court commitment without a Sentence Order. The [B]oard can't have one without the other, because that would be an illegal sentence." (C.R. at 201.) However, this issue is not in Thompson's Petition for Review, and, therefore, as observed by Counsel, he is not proceeding with this issue on appeal.[7]

For the foregoing reasons, we grant Counsel's Application to Withdraw and affirm the Board's April 18, 2017 Order.

---

**RENÉE COHN JUBELIRER,** Judge

---

[7] Nevertheless, Counsel asserts this issue is without merit because, although "it appears as though [Thompson's] statement is in reference to Title 42 Pa. [C.S.] § 9764 et seq. regarding records which follow an inmate upon commitment to the custody of the Department of Corrections," Thompson's challenge was not sufficiently specific and, therefore, was contrary to the requirements that a parolee's administrative appeal must set forth the factual and legal basis for an appeal with specificity. (*Anders* Br. at 19 (citing *McCaffrey v. Pa. Bd. of Prob. and Parole*, 537 A.2d 78, 79 (Pa. Cmwlth. 1988), which held, based on *former* 37 Pa. Code § 71.5(h)'s requirement that an administrative appeal be specific in regard to the factual and legal bases of the alleged errors, that an issue not raised with specificity is waived. Similar requirements are now found at 37 Pa. Code § 73.1(a)(3) and (b)(2).).) We agree with Counsel's analysis that Thompson's issue was insufficiently specific.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Deandra Thompson,              :
            Petitioner        :
                                :
           v.                :    No. 603 C.D. 2017
                                :
Pennsylvania Board of Probation and   :
Parole,                            :
           Respondent     :

# **O R D E R**

NOW, January 17, 2018, the Petition for Leave to Withdraw as Counsel filed by Richard C. Shiptoski, Esquire is **GRANTED**, and the April 18, 2017 Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is **AFFIRMED**.

 

 

 

_____

**RENÉE COHN JUBELIRER,** Judge